## No. 7772.

·THE STATE NATIONAL BANK OF NEW ORLEANS, LA., VS. MARIE P. EVANS AND HUSBAND, WM. R. EVANS.

·The creditor of a succession has no interest to claim the setting aside of probate proceedings under a second will, by which the universal legatee qualified as executrix, when it appears that another, and regularly probated will, had already transmitted the succession to the universal legatee.

·When the plaintiff resides out of the State, the defendant may reconvene for any cause, whether it be connected with, or identical to, the original demand or not.

APPEAL from the Parish Court of Rapides.    *Thornton, J.*

---

James McConnell for plaintiff and appellant:

·First—The fact is admitted that the defendants are using the will thus probated *ex parte* as a muniment of title in the courts of the United States, in which courts, the defendants, who are plaintiffs herein, are unable to attack the will or question its validity, because of the want of probate jurisdiction in those courts.

·We say, therefore, that under these circumstances, the facts being admitted in the record, it was the duty of the parish court to have allowed the plaintiffs to attack the will and demand the revocation of the order of probate; and we say further, that this precise point has been adjudicated by this court in the case of De la Croix vs. Gaines, 13 An. p. 178 ; 13 An. 138.

·Second—That the courts of the United States have no probate jurisdiction, and, therefore, these plaintiffs are without remedy to question or attack the will confessedly set up against them in the United States Circuit Court. 6 Wall. 703.

J. R. Beckwith for defendant and appellee:

The plaintiff discloses no right of action or any interest in the probate proceeding attacked. A creditor has no interest in the succession beyond his demand. The heir has no interest in the succession until the creditors are satisfied. It is of no importance or interest to the State National Bank who succeeds to the succession of Linton after their debt is satisfied. The legatee cannot impair their right to recover or impede their remedy. 2 An. 726; 15 An. 138; 25 An. 91–99.

The opinion of the court was delivered by

DeBlanc, J. The defendant—Marie P. Evans—a resident of the State of Pennsylvania, was—by a first marriage—the wife of Stephen Duncan Linton, who died leaving two olographic wills, which were probated in the parish of Rapides, the first in May 1875, the other in January 1878. He—in the last one—appointed, as its executrix, the said Marie P. Evans, and—in both—named her as his universal legatee.

The State National Bank of New Orleans—an alleged creditor of Linton's succession for over one hundred thousand dollars, brought this suit to revoke the order *probating* the second will and confirming defendant's appointment as executrix, on the grounds:

1. That no proof, such as is required by law for proving a will in the olograhpic form, was adduced.

2. That this pretended will was in the possession of the said Marie P. Evans at the time of the probating of the said first will, and the probating of the said first will was a renunciation and relinquishment of said executorship, the pretended second will not pretending or in any manner declaring to revoke the said first will, the provisions of both wills being the same, except the appointment of a testamentary executrix in the second, as set forth in the said pretended will.

3 That no executor's appointment could be confirmed, while there was an already appointed executor, and the *ex parte* proceeding confirming a second executor is an absolute nullity.

4. That the said Marie P. Evans is a non-resident of the State, as she herself alleges, and could not be appointed without first giving bond and security.

5. That the succession being under administration, the proceedings had by the said Marie P. Evans, should have been conducted contradictorily with J. Madison Wells, Jr., its dative executor.

6. That the whole proceedings in probating the second pretended will are informal, irregular and illegal.

This suit was filed on the 6th of February 1878, and—on that day—the bank, without admitting the validity of the proceedings which it had

previously assailed, applied to the probate court to compel Mrs. Evans. as executrix, to furnish bond and security. Its application was granted,. and she complied with the order issued to that effect; but excepted to the petition in which plaintiff prays for the revocation of the confirmation of her appointment as executrix, on the ground that it discloses no actual right of action. Her exception was sustained.

It does not appear that Linton had any forced heir, and—under the first of the two probated wills—the validity of which is not disputed—Mrs. Evans, as his universal legatee, was—from the moment of his death—seized of right of the effects of his succession, without being bound to ask delivery of the same—C. C. 1609 (1602)—and it seems clear that—as regards the alleged creditor of the testator's succession—an action or judgment against her, as universal legatee, would be as. effectual and binding as any judgment which it might obtain against any dative executor.

Under these circumstances, what interest can the bank have in setting aside the probating of the second will, when another and regularly probated will has already transmitted the succession of Linton to his universal legatee, to one who—since then—is personally liable for its debts and charges, and who—it is admitted—is now in court, as executrix and as *universal legatee*, contending that it is the bank which is. indebted to said succession for two or three hundred thousand dollars?"

C. C. 1611 (1603).

It is urged that the bank is—as a creditor of the testator—concerned in securing a faithful, proper and legal administration of his succession. To this, the answer is that Mrs. Evans is the universal legatee of Linton, and that—having accepted the legacy—we must presume that she is herself claiming, as owner, that to which she has. acquired title under at least the first will; and—in as much as it admitted that she is now suing the alleged creditor, for a claim which—in. amount—far exceeds that of the creditor, he certainly can—in that. pending suit—institute any reconventional demand against said succession.

C. P. 375, par. 2.

As the bank does not contest the validity of any one of the wills, but merely the validity of the probating of last one, what advantage could it gain by the cancellation of exclusively the order by which it was probated? Wells—it avers—who, heretofore,. was the public administrator of the parish of Rapides, was—as such—appointed as dative executor of that will, and—it is conceded—is still administering upon the succession of the deceased. If so, the bank can, then, prosecute—against the executor which it expressly acknowledges—any action it may have to exercise, or—as we have already said—it can,. in the suit

actually pending, enforce against the judicially recognized and universal legatee, any reconventional demand it may have to urge against the succession of Linton, opened since more than ten years.

Considering—as we do—that the bank has not even a prospective interest in annulling the appointment of an executrix, who is the sole and absolute legatee of the entire succession of the testator, and who— as such—is now suing the bank, and—as such—can be reconventionally sued by it,

It is ordered, adjudged and decreed that the judgment appealed from is affirmed with costs.